IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **BITPAY, INC.** | § | |
| | § | Civil Action No. _____ |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| **MASSACHUSETTS BAY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

COMES NOW Plaintiff, Bitpay, Inc. ("Bitpay"), and sets forth its Complaint as follows:

## THE PARTIES

1.

Bitpay is a Georgia corporation with its principal place of business in Atlanta.

2.

Massachusetts Bay Insurance Company ("MBIC") is a New Hampshire corporation with its principal place of business in Worcester, Massachusetts. MBIC is licensed to do business in Georgia and has a registered agent in Gwinnett County.

## JURISDICTION AND VENUE

3.

The amount in controversy between Bitpay and MBIC exceeds $75,000 exclusive of interest and costs.

4.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

6.

Bitpay is a global bitcoin payment processor.

7.

Bitcoin is a digital currency transferred electronically via the internet and can be used to pay for products and services.

8.

Effective October 27, 2014, Bitpay is the named insured under commercial crime policy no. BDA-1035236 issued by MBIC (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

9.

The Policy has per occurrence limits of $1,000,000, and a per occurrence deductible of $50,000.

10.

The Policy covers, among other occurrences, those related to computer fraud as follows:

We will pay for loss of or damage to "money," "securities" and "other property" resulting directly from the use of any computer to fraudulently cause a transfer of that property from inside the "premises" or "banking premises":

    a. To a person (other than a "messenger") outside those "premises"; or

    b. To a place outside those "premises."

(Policy, Insuring Agr. 6).

11.

The Policy definition of "money" was amended to include bitcoin. (Policy, End. Manuscript 1).

12.

On or about December 11, 2014, Bryan Krohn, the CFO of Bitpay, received an email from someone purporting to be David Bailey of yBitcoin (a digital currency publication) requesting Mr. Krohn comment on a bitcoin industry document.

13.

Unbeknownst to Mr. Krohn, or anyone at Bitpay, Mr. Bailey's computer had been illegally entered (*i.e.* "hacked").

14.

The phony email sent by the person who hacked Mr. Bailey's computer, directed Mr. Krohn to a website controlled by the hacker wherein Mr. Krohn provided the credentials for his Bitpay corporate email account.

15.

After capturing Mr. Krohn's Bitpay credentials, the hacker used that information to hack into Mr. Krohn's Bitpay email account to fraudulently cause a transfer of bitcoin.

16.

The hacker illegally hacked Mr. Krohn's computer so he could use his or her computer to send false authorizations to Bitpay on December 11 and 12, 2014.

17.

It is this hacking which fraudulently caused the transfers of bitcoin and therefore the loss to Bitpay of bitcoin valued at $1,850,000 (the "Loss").

18.

Bitpay cannot recapture the lost bitcoin.

19.

On or about December 15, 2014, Bitpay made a claim (the "Claim") to MBIC under the Policy for the Loss.

20.

The Claim was for $950,000 which constitutes the Policy limit for the occurrence ($1,000,000) less Bitpay's deductible of $50,000.

21.

After submitting the Claim, Bitpay cooperated fully with MBIC's investigation of the circumstances underlying the Claim.

22.

On June 8, 2015, MBIC denied the Claim. A true and correct copy of the June 8, 2015, letter denying the Claim (the "Denial") is attached hereto as Exhibit B.

23.

By letter dated June 15, 2015 (the "June 15 Letter") Bitpay explained to MBIC why the Claim is covered under the Policy and why MBIC's arguments to the contrary are without merit. Bitpay demanded MBIC retract the Denial and pay the Claim. A true and correct copy of the June 15 Letter is attached hereto as Exhibit C.

24.

On July 10, 2015, MBIC issued a letter (the "July 10 Letter") confirming the Denial and refusing to pay the Claim.  A true and correct copy of the July 10 Letter is attached hereto as Exhibit D.

25.

On or about July 15, 2015, Bitpay again sent MBIC a letter demanding payment of the Claim and informing MBIC that if the Claim was not paid, Bitpay would seek bad faith penalties and attorneys' fees pursuant to O.C.G.A. § 33-4-6.

26.

As of the date of filing of this Complaint, MBIC still denies coverage exists for the Claim, and MBIC has not paid any amount to Bitpay for the Claim.

## COUNT I

## BREACH OF CONTRACT

27.

Paragraphs 1 through 26 of this Complaint are hereby realleged in their entirety and incorporated herein by reference.

28.

Bitpay has fulfilled all conditions precedent to coverage under the Policy for the Claim.

29.

MBIC has not paid the $950,000 in benefits owed to Bitpay under the Policy for the Claim.

30.

MBIC has breached its obligations to Bitpay under the Policy.

31.

Bitpay has been damaged as a result of MBIC's breach.

## COUNT II

## BAD FAITH FAILURE TO PAY AND STATUTORY DAMAGES
## PURSUANT TO O.C.G.A. § 33-4-6

32.

Paragraphs 1 through 31 of this Complaint are hereby realleged in their entirety and incorporated herein by reference.

33.

MBIC's refusal to pay the Claim as well as MBIC's other conduct as described above, has caused Bitpay unnecessary trouble and expense and constitutes bad faith.

34.

The Claim is covered under the Policy, and Bitpay repeatedly has explained this to MBIC.

35.

Pursuant to O.C.G.A. § 33-4-6, MBIC is liable to Bitpay for the $950,000 for the Claim plus a penalty of 50% of the value of the Claim ($475,000) and Bitpay's reasonable attorneys' fees and expenses of litigation in bringing this action.

36.

All conditions precedent for the relief prayed for in this Complaint have been fulfilled by Bitpay.

WHEREFORE, Bitpay prays as follows:

(a) That the Court enter judgment in favor of Bitpay and against MBIC in the amount of $950,000.00, plus interest at the rate as provided by law;

9618302 v2

(b) That Bitpay be awarded the penalties pursuant to O.C.G.A. § 33-4-6;

(c) That Bitpay be awarded its attorneys' fees and costs for this action; and

(d) That Bitpay have such other and further relief as may be just and proper.

          Respectfully submitted,

          MORRIS, MANNING & MARTIN, LLP

          /s/ Jessica F. Pardi
          Jessica F. Pardi
          Georgia Bar No. 561204
          1600 Atlanta Financial Center
          3343 Peachtree Road, N.E.
          Atlanta, Georgia 30326
          (404) 233-7000
          (404) 233-9532 (fax)
          jpardi@mmmlaw.com

          Attorney for Plaintiff Bitpay, Inc.